FILED

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

2016 MAY -2 PM 1: 57

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

CASE NO. 5:16-CV-310-Oc-28 PRL

DRADEAN EUTSEY, and those others
that are similarly situated,

      Plaintiff,

vs.                                                                **COLLECTIVE ACTION**

AMERICAN IN-HOME CARE, LLC,

      Defendant.

_____/

### COMPLAINT

COMES NOW, the Plaintiff, DRADEAN EUTSEY (hereinafter referred to as "Plaintiff" or "EUTSEY"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, brings this collective action against the Defendant, AMERICAN IN-HOME CARE, LLC, and alleges as follows:

### JURISDICTION AND VENUE

1.    This is a collective action to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA").

2.    Jurisdiction is conferred upon this Court jurisdiction pursuant to 28 U.S.C. §§1331 and Section 16(b) of the Act, 29 U.S.C. § 216(b).

3.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendant does business within this District.   In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

PARTIES

4.    Plaintiff, DRADEAN EUTSEY, is a resident of Lake County, Florida.

5.    Plaintiff EUTSEY was an employee of the Defendant during the three (3) years before the date on which this Complaint was filed, and was employed as, but not limited to, an in-home care provider for the Defendant on a continuous basis from approximately December 2014 to July 2015.

6.    During the entire term of her employment, the Plaintiff regularly worked well in excess of 40 hours per week.

7.    AMERICAN IN-HOME CARE, LLC employed Plaintiff and others similarly situated in-home care providers during the liability period.

8.    Plaintiff EUTSEY brings this action on behalf of herself and all others similarly situated employees employed by the Defendant.

9.    Defendant, AMERICAN IN-HOME CARE, LLC, is a Foreign Limited Liability Company with its corporate headquarters located at 11680 Great Oaks Way, Suite 170, Alpharetta, Georgia 30022, and is registered to and does conduct, transact, and/or do business in the State of Florida.

10.   Defendant, AMERICAN IN-HOME CARE, LLC (hereinafter "Defendant" or "AIHC"), is engaged in the business of acting as a provider of in-home health-care. It uses individuals/workers such as the Plaintiff to fulfill its contracts with its customers. Each of these individuals/workers is misclassified by AIHC as an independent contractor when they should have been classified as employees.

11.   Plaintiff in this action was misclassified by the Defendant as an independent contractor when she should have been classified as an employee.

12.   By classifying the Plaintiff as an independent contractor, Defendant deprived Plaintiff, and others similarly situated, of important employee benefits including but not limited to:

    a. Payment of employer portion of Social Security payroll deduction payments;

    b. Eligibility to collect unemployment compensation;

    c. Eligibility under the Affordable Care Act.

<u>NATURE OF THE CASE</u>

13.   This action is brought to recover unpaid minimum wages and overtime wages owed to Plaintiff and all current and former similarly situated employee in-home care providers of AIHC, pursuant to the FLSA, 29 U.S.C. §201 *et seq.*

14.   From a period in excess of three (3) years prior to the date this complaint was filed to the present and continuing (the "liability period"), Defendant has failed to pay minimum wages or overtime wages required by the FLSA to their in-home care providers.

15. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid minimum wage and overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

16. At all times during the period when the Plaintiff, as an in-home care provider, rendered services to AIHC, the Defendant exercised significant control over the Plaintiff.

17. At all times during the period when the Plaintiff rendered services to AIHC, as a worker, she had virtually no opportunity for profit.

18. At all times during the period when the Plaintiff rendered services to AIHC, she made no investment in the Defendant's business.

19. At all times during the period when Plaintiff rendered services to AIHC, her duties required a very low degree of skill as compared to that of a legitimate independent contractor.

20. At all times during the period when the Plaintiff rendered services to AIHC, she exercised little or no initiative to perform her work.

21. At all times during the period when the Plaintiff rendered services to AIHC, the Defendant exercised control over the Plaintiff and others.

22. At all times during the period when the Plaintiff rendered services to AIHC, the relationship with the parties was permanent in nature.

23. At all times during the period when the Plaintiff rendered services to AIHC, the Defendant required the Plaintiff to execute a non-solicitation agreement.

24. At all times during the period when the Plaintiff rendered services to AIHC, the amount of initiative, judgment, or foresight in open market competition with others required for the success of the Plaintiff was negligible.

25. At all times during the period when the Plaintiff rendered services to AIHC, providing in-home healthcare services was an integral part of the Defendant's business.

26. At all times during the period when the Plaintiff rendered services to AIHC, she was working five (5) to seven (7) days per week on a permanent basis, similar to in-home care providers who are treated as employees.

27. In determining whether the Plaintiff and others similarly situated are to be treated as independent contractors or employees, the court should construe the facts so that the provisions will have the widest possible impact in the national economy.

28. This is an action brought pursuant to and arising under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et seq.] (hereinafter "the Act").

29. The individual claims of the Plaintiff, and those others similarly situated, have common questions of fact and law.

## FACTUAL ALLEGATIONS

30. The Plaintiff, and all those similarly situated, are employees within the meaning of the FLSA.

31. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

32. The Defendant, as part of its business, engages in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing

equipment, materials, and supplies, from wholesalers, dealers, and suppliers out of state which are part of interstate commerce, by advertising and soliciting sales on the World Wide Web to potential clients and customers inside and outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

33. Furthermore, the Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

34. The Defendant, AIHC, has annual revenue of at least five hundred thousand dollars ($500,000.00).

35. AIHC operates, and at all times relevant to this complaint, has operated an in-home healthcare service throughout the State Florida.

36. AIHC owns and operates an in-home health care company and employs individuals to act as in-home care provider.

37. AIHC provides in-home services 24-hours per day, seven days per week.

38. AIHC requires its workers to follow specific written procedures with respect to how they do their jobs.

39. AIHC assigns workers to a specific assignment and furnishes them with a detailed list of duties to be performed during a workday.

40. Defendant supervised or had operational control over the Plaintiff, and all those similarly situated, who were performing jobs/services for the Defendant.

41.   Defendant managed the work of the Plaintiff, and all those similarly situated, including the amount of hours worked by the in-home care providers. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

42.   At all times material herein, the Defendant controlled the day to day activities, supervised, and/or had operational control over the Plaintiff, and all those similarly situated. The Defendant was responsible for hiring the Plaintiff and all those similarly situated, having the ability to terminate the Plaintiff and all those similarly situated, setting the rate of pay for the Plaintiff and all those similarly situated, determining if overtime compensation was going to be paid, setting the work schedule including the number of days and hours worked by the Plaintiff and all those similarly situated, determining and assigning the work duties of the Plaintiff and all those similarly situated, and supervising the Plaintiff and all those similarly situated.

43.   Defendant's method of classifying workers as independent contractors is designed to, and has the effect of, denying its in-home care providers the minimum wage and overtime wages required by the FLSA.

44.   Throughout the liability period, Defendant's in-home care providers, including the Plaintiff, regularly worked between sixty (60) and 120 hours per week.

45.   Individuals employed by AIHC as in-home care providers are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the FLSA, and the implementing rules and regulations of the U.S. Department of Labor.

46.   Because AIHC failed to adequately make, keep, and preserve the actual hours worked by such employees as required for non-exempt employees by 29 U.S.C. § 211 (c), it

is difficult for Plaintiff, and those others similarly situated, to account with precision for unpaid hours worked during the liability period.

47. In-home care providers employed by AIHC are non-exempt employees rather than independent contractors, and are therefore subject to the FLSA's minimum wage requirements.

48. AIHC suffers or permits its in-home care providers to work for it.

49. The economic reality is that AIHC's in-home care employees are economically dependent on it.

50. The work done by the Plaintiff, and those others similarly situated, is an integral of AIHC's business.

51. AIHC maintains exclusive control over the in-home care providers' primary means of income by setting schedules and assignments.

52. AIHC controls its workers through the use threat of termination.

53. The Plaintiff, and those others similarly situated, worked the number of hours required of them by the Defendant, but were not paid for each and every hour worked during a work week.

54. The Defendant permitted the Plaintiff, and those others similarly situated, to work for them but did not pay them for all work that they performed for the Defendant.

55. The FLSA mandates that an employer pay any employee at least the minimum wage for each hour worked.

56. The Plaintiff, and those others similarly situated, regularly worked for the Defendant but were not paid at least the Federal Minimum Wage for each hour worked as required by the FLSA.

57. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

58. The Plaintiff, and those others similarly situated, worked over forty (40) hours in a work week for the Defendant, but were not paid overtime compensation at the proper overtime rate by the Defendant for those hours worked over forty (40) in a work week.

59. The Defendant was aware that the Plaintiff, and those others similarly situated, worked in excess of forty (40) hours in a work week without overtime compensation.

60. Plaintiff, and those others similarly situated, were entitled to be paid at a rate one and one-half (1 ½) times their regular hourly rate for each hour worked in excess of forty in a work-week.

61. Defendant failed and refused to properly compensate Plaintiff, and those others similarly situated, at the proper overtime rate for each hour worked in excess of forty (40) in a work-week.

62. The Defendant's actions in failing and/or refusing to pay the Plaintiff, and those others similarly situated, the applicable minimum wage and/or overtime compensation, as required by the FLSA, were willful and not in good faith.

63. Plaintiff, and those others similarly situated, have retained the undersigned attorneys and are obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## ALLEGATIONS OF NAMED PLAINTIFF

64. Plaintiff EUTSEY started working for the Defendant in approximately December 2014 and separated her employment in approximately July 2015.

65. Throughout her employment for the Defendant, the Plaintiff typically worked five (5) to seven (7) days per week.

## COLLECTIVE ACTION CLAIMS

66. Plaintiff files this action on behalf of herself and all similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiff's signed consent form is attached hereto as Exhibit "A."

67. The employees similarly situated are:

> All individuals who currently work or previously performed worked for the Defendant, its subsidiaries or affiliated companies, as an in-home care provider, or other position performing similar responsibilities for the Defendant, at any time during the relevant statute of limitations period.

68. In addition to the Plaintiff, numerous employees and former employees of AIHC are similarly situated to the Plaintiff because they have been denied minimum wage and overtime compensation while employed as in-home care providers for AIHC.

69. This action is properly maintained as a collective action because the Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, job duties, and Defendant's compensation policies and procedures.

70. Defendant has willfully violated the provisions of Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees engaged in commerce for work-weeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours at rates not less than one and one-half (1 ½) times the regular rates at which they were employed.

71. Plaintiff has been intentionally misclassified by Defendant as independent contractors and Defendant has not compensated her for the work in excess of forty

(40) hours at a rate not less than one and one-half (1 ½) times the regular rate at which she was employed.

72. Defendant has failed to maintain all of the records required by the Fair Labor Standards Act and the regulations promulgated thereunder.

73. Defendant's policy of misclassifying its employees as independent contractors is both unlawful and company-wide and each non-exempt employee employed by Defendant during the three (3) years prior to the filing of this complaint has been deprived of minimum wage and/or overtime compensation, similarly to the named Plaintiff.

74. The failure to pay overtime compensation to Plaintiff is unlawful in that she is not exempt from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. §213(a).

75. Plaintiff is a representative of other employees and is acting on behalf of their interests as well as the Plaintiff's own interests in bringing this action.

76. Those similarly situated employees are known to AIHC and are readily identifiable and locatable through AIHC's records.

77. Those similarly situated employees should be notified of allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

78. Unless notice is issued, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wage and/or overtime compensation in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by AIHC.

## COUNT I – FAILURE TO PAY MINIMUM WAGE

79. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

80. The Plaintiff, and all those others similarly situated, are employees of the Defendant.

81. The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

82. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

83. The Plaintiff, and those others similarly situated, worked for the Defendant but were not paid at least the federal minimum wage for each hour worked as required by the FLSA.

84. Defendant failed and refused to compensate Plaintiff, and those others similarly situated, at the minimum hourly wage for each and every hour worked as required under the FLSA.

85. The Defendant was aware it had suffered and permitted the Plaintiff, and those others similarly situated, to work without proper compensation for minimum wages under the FLSA.

86. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which require minimum wage compensation to non-exempt employees, 29 U.S.C. § 206.

87. By failing to keep adequate time records as required by FLSA, 29 U.S.C. § 211(c), Defendant has made it difficult to calculate the minimum wage compensation due Plaintiff and potential opt-in plaintiffs.

88. Because of the Defendant's actions, the Plaintiff, and those others similarly situated, had to retain counsel and are entitled to recover their attorney's fees and costs connected with this suit.

89. As a result of Defendant's unlawful acts, the Plaintiff, and those others similarly situated to her, have been deprived of minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, and all those others similarly situated who join in this action, pray that this Honorable Court:

A. Designate this action as a collective action on behalf of the FLSA Collective and authorize the issuance of notice at the earliest possible time to all AIHC employees who currently hold or who held the position of in-home care provider during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for AIHC during the liability period, but were not paid minimum wage as required by the FLSA;

B. Declare that Defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211(c) as to Plaintiff and persons similarly situated;

C. Declare that Defendant has violated the minimum wage provisions of the FLSA, 29 U. S. C. § 203(m) when the federal minimum wage is determined 29 U.S.C. §206, as to the Plaintiff and persons similarly situated;

D. Declare that Defendant's violations of the FLSA were willful;

E. Award Plaintiff EUTSEY, and other similarly situated employees and former

employees of Defendant, damages for the amount of unpaid minimum wage compensation subject to proof at trial;

F.      Award Plaintiff EUTSEY, and other similarly situated employees and former employees of Defendant, compensation for such expenses as they have been required to expend on Defendant's behalf.

G.      Award Plaintiff EUTSEY, and other similarly situated employees and former AIHC employees, liquidated damages in an amount equal to the minimum wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

H.      Make the same declarations and awards as prayed for in Paragraphs A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

I.      Award Plaintiff EUTSEY, and other similarly situated employees and former AIHC employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

J.      Award such other and further relief as this Court may deem appropriate.

### COUNT II – FAILURE TO PAY OVERTIME

90.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through seventy-eight (78) above as if fully set forth herein.

91.     The Plaintiff, and all those others similarly situated, are employees of the Defendant.

92.     The Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

93.     Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee

receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one and one-half (1 ½) times their regular rate of pay.

94. The Defendant suffered and permitted the Plaintiff, and those others similarly situated, to work in excess of forty (40) hours in each work week without paying them at a rate of one and one half (1 ½) times their regular rate of pay for all hours worked in excess of forty in a work week as required by the FLSA.

95. The Plaintiff, and those others similarly situated, were/are not exempt from receiving overtime compensation under the FLSA.

96. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which require overtime wages compensation to non-exempt employees, 29 U.S.C. §207.

97. By failing to keep adequate time records as required by FLSA, 29 U.S.C. § 211(c), Defendant has made it difficult to calculate the overtime wage compensation due Plaintiff and potential opt-in plaintiffs.

98. Because of the Defendant's actions, Plaintiff, and those others similarly situated, had to retain counsel and are entitled to recover their attorney's fees and costs connected with this suit.

99. As a result of Defendant's unlawful acts, the Plaintiff and all those others similarly situated to her, have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**WHEREFORE**, the Plaintiff, and all those others similarly situated who join in this action, pray that this Honorable Court:

A.  Designate this action as a collective action on behalf of the FLSA Collective and authorize the issuance of notice at the earliest possible time to all AIHC employees who currently hold or who held the position of in-home care provider during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for AIHC during the liability period, but were not paid overtime wage as required by the FLSA;

B.  Declare that Defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211(c) as to Plaintiff and persons similarly situated;

C.  Declare that Defendant has violated the overtime wage provisions of the FLSA, 29 U.S.C. §206, as to the Plaintiff and persons similarly situated;

D.  Declare that Defendant's violations of the FLSA were willful;

E.  Award Plaintiff EUTSEY, and other similarly situated employees and former employees of Defendant, damages for the amount of unpaid overtime wage compensation subject to proof at trial;

F.  Award Plaintiff EUTSEY, and other similarly situated employees and former employees of Defendant, compensation for such expenses as they have been required to expend on Defendant's behalf.

G.  Award Plaintiff EUTSEY, and other similarly situated employees and former AIHC employees, liquidated damages in an amount equal to the overtime wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

H.   Make the same declarations and awards as prayed for in Paragraphs A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

I.   Award Plaintiff EUTSEY, and other similarly situated employees and former AIHC employees, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b);

J.   To award such other and further relief as this Court may deem appropriate.

**JURY TRIAL IS DEMANDED**

DATED this ___2___ day of ~~April~~ MAY, 2016.

Respectfully submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ.
FL Bar No. 0154784
TYLER L. GRAY, ESQ.
FL Bar No. 0059738
Law Office of Jeremiah J. Talbott, P.A.
900 East Moreno Street
Pensacola, Florida 32503
(850) 437-9600 / (850) 437-0906
civilfilings@talbottlawfirm.com;
jj@talbottlawfirm.com;
*Attorney for the Plaintiff*