# EXHIBIT
# A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DRADEAN EUTSEY,

     Plaintiff,                      Case No.: 5:16-cv-00310-JA-PRL

v.

AMERICAN IN-HOME CARE, LLC,

     Defendant.

_____/

## FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT AND RELEASE

This Fair Labor Standards Act ("FLSA") Settlement Agreement and Release ("Agreement") is made and entered into by plaintiff DRADEAN EUTSEY (hereinafter, "Eutsey") and defendant AMERICAN IN-HOME CARE, LLC (hereinafter, "AIHC") (hereinafter, Eutsey and AIHC each being a "Party" and, collectively, the "Parties").

WHEREAS, Eutsey filed a civil action, *Eutsey v. American In-Home Care, LLC*, in the United States District Court, Middle District of Florida, Ocala Division, Case No.: 5:16-CV-00310-JA-PRL, asserting allegations relating to and arising out of her alleged employment with AIHC under the FLSA (the "Lawsuit"); and

WHEREAS Eutsey alleges that AIHC misclassified her as an independent contractor and that she was instead an employee of AIHC; and

WHEREAS, Eutsey claims that AIHC improperly compensated her for the services she provided to AIHC; and

WHEREAS AIHC maintains that Eutsey was at all relevant times properly classified as an independent contractor; and

WHEREAS, AIHC denies liability herein and denies any wrongdoing with respect to Eutsey; and

WHEREAS, entry into this Agreement in no way reflects any change in AIHC's position that it denies all liability and any wrongdoing, and that it properly classified Eutsey as an independent contractor; and

WHEREAS, Eutsey has voluntarily agreed to dismiss the Lawsuit, and any related matters, with prejudice; and

WHEREAS, the Parties understand and acknowledge the risks involved in litigation, including the potential for unavailability or uncooperativeness of witnesses, procedural delays and the prospect of a loss, in whole or in part; and

WHEREAS, the Parties submit that this settlement is the product of thoughtful, careful and deliberate negotiations regarding any and all issues in any way related to these matters; and

WHEREAS, the settlement provides Eutsey with full compensation for all of her claims in the Lawsuit arising under the FLSA, and no compromise is involved. Eutsey will be fully compensated for all hours she claims in this matter and attorneys' fees and costs; and

WHEREAS, the Parties consider this settlement reasonable in light of the nature of the violations alleged, the risks inherent in litigation, and the stage of these proceedings; and

WHEREAS, Eutsey's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Eutsey; and

2

WHEREAS, the Parties have resolved this matter and wish to avoid the disruption and expense of litigation.

NOW, THEREFORE, in consideration of the premises and mutual promises contained herein, it is agreed as follows:

1.       **No Admission of Wrongdoing or Liability.**  Nothing contained in this Agreement shall constitute. or be construed as, or is intended to be an admission or an acknowledgment by Released Parties (as defined below) of any wrongdoing, wrongful act. or liability with respect to Eutsey or any other person, all such wrongdoing and liability being expressly denied.

2.       **Settlement Payment.**  In consideration of this Agreement, in full and final settlement of any and all FLSA claims that were or could have been made by Eutsey against Released Parties (as defined below), AIHC shall pay Eutsey (S.S. # XXX-XX-6948) the total sum of Three Thousand Eight Hundred Thirty Two Dollars and No Cents ($3,832.00) ("Settlement Sum").  The Settlement Sum will be allocated as follows:

- A check in the amount of One Thousand Three Hundred Thirty Two Dollars and No Cents ($1,332.00), for which an IRS Form 1099 will be issued to Eutsey; and

- A check in the amount of Two Thousand Five Hundred Dollars and No Cents ($2,500.00), such amount representing settlement of any and all claims, asserted and unasserted, for attorneys' fees and costs, made payable to Law Office of Jeremiah J. Talbott, P.A. (Tax ID No.: 20-8225632) and such amount to be reported on Forms 1099 to Law Office of Jeremiah J. Talbott, P.A. and Eutsey.

The Settlement Sum shall be issued by AIHC and sent to the Law Office of Jeremiah J. Talbott, P.A. within the *latter* of: (a) ten (10) business days following the date upon which AIHC's counsel, Theresa Waugh, receives a properly executed original Agreement from Eutsey, a properly executed Form W-9 from Eutsey, *and* a properly

3

executed Form W-9 from Eutsey's attorney; or (b) ten (10) business days following the date on which the Lawsuit is dismissed with prejudice.

    3.    **Release of all Wage Claims by Eutsey.**

        a.    In consideration of and conditioned upon receipt of the Settlement Sum and payment of the attorneys' fees and costs as described above, Eutsey hereby irrevocably and unconditionally releases and forever discharges AIHC, its subsidiaries, business units, parent companies, insurers, independent contractors, management companies, joint employers, affiliates, predecessors, successors and assigns, past, present, and future, and their respective owners, officers, directors, executives, managers, members, managing members, employees, representatives, agents, attorneys, shareholders, trustees, joint venturers, partners, heirs, executors, administrators, servants, predecessors, successors and assigns, past, present and future (hereinafter referred to collectively as the "Released Parties" and individually as "Released Party") from any and all claims, demands, acts, actions, occurrences, costs, losses, obligations, proceedings, litigations, liabilities, promises, causes of action, suits for statutory damages and/ or for injunctive relief, arising out of or under the FLSA and/or Florida state or local law governing the payment of wages, including, but not limited to, the Florida Constitution and Florida Minimum Wage Act, whether known or unknown, suspected or unsuspected, that Eutsey may have against the Released Parties arising from, in connection with, or relating to (a) the terms and conditions of her purported employment with AIHC; and (b) the aforementioned Lawsuit. It is expressly intended, understood and agreed that the claims, disputes, and controversies released by Eutsey shall include:

(1)    Claims arising under the FLSA, Florida Constitution, Florida Minimum Wage Act, and all other state and local wage and hour laws and regulations;

(2)    Claims for disputed wages under the FLSA; and

(3)    Claims for Eutsey's attorneys' fees and costs.

b.    This release does not extend to claims which as a matter of law cannot be waived.

c.    Eutsey agrees that the Settlement Sum and attorneys' fees and costs payment recited above constitute good and valuable consideration and are sufficient to support the promises made in this Agreement. Eutsey understands and agrees that she would not receive the consideration specified in Paragraph 2, except for her execution of this Agreement.

4.    **Breach of Agreement.** In the event Eutsey breaches any obligation under this Agreement, any outstanding obligations of AIHC hereunder shall immediately terminate and Eutsey shall return any payments previously received from AIHC pursuant to this Agreement. Eutsey agrees to indemnify and hold Released Parties harmless from any loss, cost, damage or expense (including attorneys' fees) incurred by any Released Party who has to seek to enforce this Agreement or use it as a defense in any proceeding against Eutsey and prevails in doing same.

5.    **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of Eutsey and the Released Parties.

5

6. **Warranties and Representations.**

    a.     In signing this Agreement, the Parties expressly warrant and represent that they have carefully read and fully understand the comprehensive terms and conditions of the Agreement and the releases set forth herein.

    b.     The Parties warrant and represent that they are executing this Agreement knowingly and voluntarily, without any duress, coercion, fraud, or undue influence.

    c.     The Parties represent and warrant their understanding that they have the right to consult with an attorney of their own choice and that they have had the opportunity to consult with an attorney of their choice before executing this Agreement.

    d.     The Parties agree to cooperate fully, to execute any and all supplementary documents, and to take all additional actions that may be necessary or appropriate to give full force and effect to the basic terms and intent of this Agreement.

7. **Governing Law and Severability.**

This Agreement shall be governed by the laws of the State of Florida without giving effect to principles of conflicts of law. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. To the extent this Agreement is in violation of applicable law, the Parties agree to negotiate in good faith to amend the Agreement, consistent with its purposes, to the extent possible and in order to conform to law.

8.    <u>Venue and Interpretation.</u>  In the event of any action arising under this Agreement, venue shall be proper in the United States District Court, Middle District of Florida, Ocala Division. This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

EUTSEY HAS BEEN GIVEN THE OPPORTUNITY TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT.  EUTSEY ACKNOWLEDGES THAT SHE HAS CONSULTED WITH HER ATTORNEY, JEREMIAH TALBOTT, AND SIGNS THIS AGREEMENT KNOWINGLY, FREELY AND VOLUNTARILY.

Dated: August _16_, 2016.

_____
DRADEAN EUTSEY

STATE OF FLORIDA        )
COUNTY OF _Lake_        )

SWORN TO AND SUBSCRIBED before me this _16_ day of August, 2016, by DRADEAN EUTSEY, who is personally known to me or has produced _FL DL_ as identification.

_____
(Notary Signature)
_Matthew Baumann_
(Notary Name Printed)
NOTARY PUBLIC
Commission No. _FFO42838_

(NOTARY SEAL)

MATTHEW BAUMANN
MY COMMISSION #FF042838
EXPIRES August 5, 2017
(407) 398-0153     FloridaNotaryService.com

7

Dated: ~~August~~ September 6, 2016.

AMERICAN IN-HOME CARE, LLC,

By: _____
    Jim Mark

Its:    Chief Operating Officer

8