**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

**DRADEAN EUTSEY,**

    **Plaintiff,**

**v.**                                              **Case No: 5:16-cv-310-Oc-JA-PRL**

**AMERICAN IN-HOME CARE, LLC,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Upon referral, this matter is before the undersigned on the parties' Joint Amended Motion for Approval of Settlement and Dismissal With Prejudice. (Doc. 19). Thus, it must be determined whether the settlement between Plaintiff and Defendant is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

settlement for fairness." *Id*. at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context."  *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.
> *Id.*

As set forth in the motion and the parties' "Fair Labor Standards Act Settlement Agreement" (Doc. 19-1), the settlement provides that Defendant will pay Plaintiff $1,332.00 to settle Plaintiff's FLSA claim for alleged unpaid compensation.  Defendant will also pay Plaintiff's counsel $2,500.00 in full settlement of attorney's fees and costs.  As explained by the parties' prior motion (Doc. 17), the settlement of the attorney's fees and costs was agreed to separately without regard to the amount paid to Plaintiff.   The parties represent that the settlement represents a reasonable compromise based upon bona fide disputes concerning the validity of Plaintiff's claim and uncertainties of further litigation.  The parties also assert that the agreement was reached following extensive negotiations by experienced counsel.  Under these circumstances, the undersigned finds the settlement to be reasonable, especially considering the vagaries of litigation.

As for the amount of attorney's fees and costs, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

the action." 29 U.S.C. § 216(b).  This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 Fed. Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

As noted above, the parties represent that the attorney's fees and costs were negotiated separately from Plaintiff's recovery.  *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009).  The motion recites that Plaintiff's counsel has expended a total of 20 hours of time on behalf of Plaintiff, including drafting and filing the complaint, investigating the claim, calculating damages, and reviewing case law.  (Doc. 19, p. 6). As explained in the motion, this case was settled only after the parties exchanged information and discussed Plaintiff's claims and Defendant's defenses.   The parties and engaged in several rounds of negotiations, ultimately resulting in the settlement.  Under the circumstances, the Court also finds the agreed upon attorneys' fees and costs ($2,500.00 total) to be reasonable.

Moreover, in accordance with the Court's recent Order (Doc. 18), the parties have fully explained an apparent discrepancy between the settlement agreement and the total settlement amount.  The parties explain that, in the early stages of the case, counsel for Plaintiff suggested that Plaintiff was considering amending the Complaint to assert additional claims against Defendant, including claims under the Florida Deceptive and Unfair Practices Act.  Thus, in a separate agreement, Defendant has agreed to settle those claims for a total of $1,168.00, inclusive

of attorney's fees and costs, in exchange for executing a general release. (Doc. 19, p. 2). That agreement and corresponding "Settlement Agreement and General Release" (Doc. 19-2) pertains to claims that are separate from their FLSA claims, thus the Court does not express an opinion on that agreement. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (Mendoza, J) (expressing no opinion on separate general releases of non-pending claims). *See also Middleton v. Sonic Brands L.L.C.*, 2013 U.S. Dist. LEXIS 129042, at *11 (M.D. Fla. Aug. 22, 2013), report and recommendation adopted by, 2013 U.S. Dist. LEXIS 129039 (M.D. Fla., Sept. 10, 2013) (Antoon, J.) (where "substantial consideration" was paid to plaintiff beyond the amount arguably due under the FLSA, the Court agreed that the general release did not render the settlement unfair or unreasonable). The parties' explanation, together with the separate Settlement Agreement and General Release (Doc. 19-2), satisfies the Court's order to show cause.

For the reasons stated above, it is **respectfully recommended** that the parties' Motion (Doc. 27) be granted, the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the matter be dismissed, with prejudice.

Recommended in Ocala, Florida on September 29, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party